IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE WILSON BILLINGS,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF OAKLAND,<br><br>             Defendant._____/ | No. C07-02720 MJJ<br><br>**ORDER DENYING TEMPORARY INJUNCTIVE RELIEF AND REQUEST FOR STAY** |

On May 23, 2007, Plaintiff, who is proceeding *pro se*, filed a complaint in this matter, apparently naming as defendants the City of Oakland, Alameda County, the State of California, and "All City County and State Federal Authorities." (Docket No. 1.) Accompanying Plaintiff's complaint is a "Motion for Appeal and 180 Stay" (Docket No. 4) as well as a proposed form of an injunction (Docket No. 3), in which she seeks a 180-day stay in the form of "an injunction to stopping pursuing in superior court of California for the termination of my parental rights" over her son William. Plaintiff apparently contends that employees of the state's Child Protective Service have engaged in improper conduct in connection with the state court proceedings, including threatening to sever her parental rights in connection with inappropriate sexual advances.

From the context of allegations contained in these papers, this Court construes Plaintiffs' filings as a request, in part, for temporary injunctive relief, although Plaintiff does not explicitly state that she seeks relief of this form. To obtain temporary injunctive relief, Plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to Plaintiff if

preliminary relief is not granted, (3) a balance of hardships favoring Plaintiff, and (4) advancement of the public interest. *See Rodde v. Bonta*, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, the Court may grant injunctive relief if the plaintiff merely "demonstrate[s] . . . a combination of probable success on the merits and the possibility of irreparable injury." *Id.*

Here, the Court finds it inappropriate to grant temporary injunctive relief affecting the outcome of child custody determinations, as Plaintiff is unable to show a strong likelihood of success on the merits for at least two reasons. First, there appears to be no basis for the exercise of federal subject matter jurisdiction here over a domestic relations issue, nor any basis for diversity jurisdiction given the lack of diversity of the defendants and the existence of a long-recognized domestic relations exception to such jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992). Second, dismissal would in any case likely be necessary under the *Younger* abstention doctrine, as this Court cannot ordinarily grant an injunction that would interfere with state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). Absent "extraordinary circumstances," a district court will abstain from hearing a case when: (1) state proceedings are on-going; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings. *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). The facts currently before this Court indicate that this matter falls squarely within the ambit of the *Younger* abstention doctrine.

For the foregoing reasons, the Court **DENIES** Plaintiff's request for temporary injunctive relief in the form of a stay on the state court proceedings.

**IT IS SO ORDERED.**

Dated: 5/23/07

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE